IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

JUAN SEBASTIAN ACEVEDO,
Defendant.

CRIMINAL NO. 25-101 (ADC-GLS)

**PLEA AND FORFEITURE AGREEMENT**

TO THE HONORABLE COURT:

The United States of America, Defendant, JUAN SEBASTIAN ACEVEDO, and Defendant's counsel, Victor Chico, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

**1. Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Information:

Count One: On or about February 28, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, JUAN SEBASTIAN ACEVEDO-CARDONA, did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. § 1114, to wit: Postal Police Officer R.R.C. who was engaged in official duties. All in violation of 18 U.S.C. § 111(a)(1).

**2. Maximum Penalties**

Count One: The maximum statutory penalty for the offense charged in Count One of the Information, is a term of imprisonment of not more than one year pursuant

U.S. v. Juan Sebastian Acevedo Cardona 25-101-GLS

to 18 U.S.C. §111, a fine of not more than $250,000 pursuant to 18 U.S.C. § 3571(b)(3), and a term of supervised release of not more than three (3) years pursuant to 18 USC §3583(b)(2).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker,* 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment



Defendant agrees to pay a special monetary assessment ("SMA") of one Twenty Five dollars ($25.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(1)(A)(iii).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined

Page 2

U.S. v. Juan Sebastian Acevedo Cardona 25-101-GLS

solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATION FOR COUNT ONE, JSAC VIOLATION OF 18 U.S.C. § 111(a)(1) ||||||
|---|---|---|---|---|---|
| Base Offense Level: Pursuant to U.S.S.G. § ~~2A2.3(a)(1) Assault~~ 2A2.4(a) and (b)(1) ||||| ~~7~~ 13 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1&2 ||||| -2 |
| Total Adjusted Offense Level ||||| ~~5~~ 11 |
| CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
| ~~0-6~~ | ~~0-6~~ | ~~1-7~~ | ~~4-10~~ | ~~6-12~~ | ~~9-15~~ |
| 8-14 | 10-16 | 12-18 | 18-24 | 24-30 | 27-33 |

### 8. Sentence Recommendation

As to Count One of the Information, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of 90 days of probation and 40 hours of community service.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

① Base offense level is 10 pursuant to §2A2.4(a) plus 3 levels are added pursuant to §2A2.4(b)(1).

② Total offense level adjusted pursuant to footnote ①.

③ Guideline ranges amended for Total offense level of 11.

Page 3

U.S. v. Juan Sebastian Acevedo Cardona 25-101-GLS

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court does not include imprisonment, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to and no variant sentence under 18 U.S.C. § 3553-other than the one explicitly provided for in this Plea Agreement-shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Victor Chico, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant

Page 4

U.S. v. Juan Sebastian Acevedo Cardona 25-101-GLS

understands that the rights of criminal defendants include the following:

    a.    If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

    b.    If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

    d.    At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require

their attendance through the subpoena power of the Court.

e.  At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the

U.S. v. Juan Sebastian Acevedo Cardona 25-101-GLS

parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Information pending against Defendant in this case.

19. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

20. **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Information, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

U.S. v. Juan Sebastian Acevedo Cardona 25-101-GLS

21. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

W. Stephen Muldrow
United States Attorney

_____
Jeanette M. Collazo-Ortiz
Assistant U.S. Attorney
Deputy Chief, Violent Crimes Division
Dated: 9.12.2024

_____
Luis Rivera-Méndez
Special Assistant U.S. Attorney
Dated: 9/12/2024

_____
Victor Chico, Esq.
Counsel for Defendant
Dated: 9-25-25

_____
Juan Sebastian Acevedo
Defendant
Dated: 9-25-25

Page 8

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 9/25/25

_____
Juan Sebastian Acevedo
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 9/25/25

_____
Victor Chico, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Juan Sebastian Acevedo admits that he is guilty as charged in Count One of the Information and admits the following:

On Friday, February 28, 2025, at approximately 12:54 PM while covering Post 3 at the Customer Parking in General Post Office (GPO) in San Juan, a United States Postal Police Officer R.R.C. observed a male in his 30's, approx. 6'0" white, wearing a black jacket and black jeans coming from Local Puerto Rico Police Bureau HQ towards the GPO parking lot. The officer asked the male subject if he was parked in the GPO parking lot to which the male subject responded he was. The postal officer told the male subject that he needed to see his documents, because he was illegally parked, as per the posted sign. The male subject refused to produce his documents and just showed the postal officer his driver's license. Then, the postal officer asked the male subject for his vehicle's license and registration. The male subject then turned around and told the female passenger of a gray 2 door Toyota Yaris, License plate IIM-508 in spanish: "Mira, saca el carro que ya vinieron a joder ...", roughly translated to "Get the car out, they came to fuck around with us". The male subject began to move towards the postal officer in a menacing manner while holding an umbrella, which he then used to strike the postal officer in his left leg. Immediately after, other officers responded to the area and the male subject, later identified as Juan Sebastian Acevedo, was placed under custody.

For purposes of this Plea Agreement, Juan Sebastian Acevedo agrees and stipulates that: that he knowingly and intentionally did forcibly assault, resist, oppose, impede, intimidate, and interfere with a United States Postal Police Officer, while engaged in and

on account of the performance of official duties. At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Count One of the Information.

Discovery was timely made available to Defendant for review.

Luis Rivera-Méndez
Special Assistant U.S. Attorney
Dated: 9/12/2025

Victor Chico, Esq.
Counsel for Defendant
Dated: 9-25-25

Juan Sebastian Acevedo
Defendant
Dated: 9-25-25